IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTICE SCOTT STADLER,

                Plaintiff,

    v.                                        OPINION and ORDER

BENJAMIN LANE, ESTEE SCHULTZ                          25-cv-1000-jdp
RICK CVEYKUS, and JAMES Q.,

                Defendants.

---

Plaintiff Justice Scott Stadler, proceeding without counsel, is currently confined at the Chippewa County Jail. Stadler alleges that judicial officers in various state-court proceedings have violated his constitutional rights. The court has already concluded that Stadler may proceed without prepaying any portion of the filing fee. Dkt. 7.

The next step is for me to screen Stadler's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss the case because Stadler's complaint is flawed in multiple respects. He alleges that state court judges and a court commissioner have issued rulings in multiple civil cases and his criminal prosecution that have harmed him. These allegations do not comply with Federal Rule of Civil Procedure 20, which prohibit a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim for relief

against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. That isn't the case here.

Even if Stadler pared down his allegations to alleged wrongdoing in one of his cases, he couldn't proceed with any of his claims because defendants are immune from suit. Judges are immune from suits arising from their official decisions or actions. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). The same holds true for court commissioners performing "functions integral to the judicial process." *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989).

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is appropriate because there isn't any reason to think that Stadler could amend his complaint to fix the problems discussed above. I will also direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g).

<div align="center">ORDER</div>

IT IS ORDERED that:

1.  This case is DISMISSED.

2.  The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

<div align="center">2</div>

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered January 16, 2026.

<div style="margin-left: 40%;">

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

</div>